# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Brunswick Bowling and Billiards Corporation | ) ) ) | |
| Plaintiff, | ) ) | No. 05 C 3603 |
| -vs- | ) ) | JUDGE GEORGE W. LINDBERG |
| Qubica USA, Inc., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Brunswick Bowling and Billiards Corporation ("plaintiff"), brought this action against Qubica USA, Inc. ("defendant") for alleged patent infringement. Defendant has filed a motion to transfer venue to the Middle District of Florida pursuant to 18 U.S.C. § 1404(a). Defendant's motion is hereby granted.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). "It is in the sound discretion of the trial judge to determine the weight accorded to each factor." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000).

Plaintiff has been involved in the bowling industry since the late nineteenth century and is currently the world leader in the manufacture and sale of bowling equipment. It is

05 C 3603

headquartered in Lake Forest, Illinois, and has approximately 791 employees in Illinois. Defendant is a Florida corporation engaged in the business of developing and selling innovative bowling center products. It conducts its development, manufacturing, sales and distribution activity in Lake Hamilton and Bonita Springs, Florida. Two of the products offered by defendant are the Smile Arch and the Smile Axe scoring stations, used for scoring bowling games.

Defendant has sold the Smile Axe to three bowling alleys, all of which are in Florida, and has sold the Smile Arch to one bowling alley, also in Florida. Last year, defendant sold one scoring system (neither the Smile Axe nor the Smile Arch) to a bowling alley in Illinois. Illinois sales have accounted for less than three percent of defendant's total sales since 1996. On June 20, 2005, plaintiff filed this action in the Northern District of Illinois alleging infringement of two of plaintiff's patents (U.S. Patent Nos. 6,441,724 and 6,619,603) in general terms. The complaint identifies defendant's Smile Axe and Smile Arch products as two infringing products but is broad enough to include other products within a certain class of products that might also infringe.

The first element that is necessary in order for transfer to be proper under 28 U.S.C. § 1404(a) is that venue must be proper in both the transferor and the transferee districts. *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). Plaintiff and defendant agree that venue is proper in both the Northern District of Illinois and in the Middle District of Florida. *See* 28 U.S.C. § 1391. "Thus, the focal point of this analysis is the convenience of parties and witnesses and the interest of justice, to which this court now turns." *Truserv Corp. v. Neff*, 6 F. Supp. 2d 790, 794 (N.D. Ill. 1998).

In evaluating a request for transfer, the court must consider both the private interests of the parties and the public interest. *Medi USA, L.P. v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Private interest factors include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum including the courts' power to compel the appearance of unwilling witnesses and the costs of obtaining the attendance of witnesses; and (4) convenience to the parties, their residences and their abilities to bear the expense of trial in a particular forum. *Truserv Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998) (*citing Medi USA, L.P. v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992)). Public interest factors include: (1) the relation of the community to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects for earlier trial. *Id.*

The parties disagree as to the amount of deference that should be given to the plaintiff's choice of forum. Plaintiff cites several cases for the proposition that its choice of forum is given significant weight when, as here, plaintiff has chosen its home forum. *See IP Innovation L.L.C. v. Matsushita Elec. Indus. Co., Ltd.*, No. 05 C 902, 2005 U.S. Dist. LEXIS 11892, at *4 (N.D. Ill. June 13, 2005); *Sitrick v. Freehand Sys., Inc.*, No. 02 C 1568, 2003 U.S. Dist. LEXIS 4813, at *6-7 (N.D. Ill. Mar. 24, 2003); *Abbott Lab. v. Zenith Lab.*, No. 02 C 1568, 2003 U.S. Dist. LEXIS 3256, at *7 (N.D. Ill. Mar. 25, 1995). Defendant on the other hand cites cases for the proposition that plaintiff's choice of forum should be given deference only when there is a connection between the forum and the operative facts giving rise to the cause of action. *See Truserv Corp. v. Neff*, 6 F. Supp. 2d 790, 794 (N.D. Ill. 1998); Von *Holdt v. Husky Injection*

3

05 C 3603

*Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). In this case, plaintiff's principal place of business is located in the Northern District of Illinois and plaintiff has nearly 800 employees in the district. There is no other connection to the Northern District of Illinois. It is unnecessary at this time for the court to decide how much deference should be afforded plaintiff's choice of forum. "[W]hile the plaintiff's choice is an important consideration, it is not absolute in determining whether a motion to transfer should be granted." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). Even if plaintiff's choice of forum is given substantial deference, other factors weigh strongly enough in favor of transfer that this court will still grant defendant's motion.

The parties also disagree over what should be considered the situs of material events. Defendant urges that "in infringement cases, the location of the infringer's place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiffs." *Technical Concepts, L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 U.S. Dist. LEXIS 21020, at *4 (N.D. Ill. Oct. 30, 2002) (internal quotations omitted). Defendant argues that because it is headquartered in the Middle District of Florida, development of the allegedly infringing products occurred in the Middle District of Florida, and the alleged infringement (sale of Defendant's Smile Arch and Smile Axe to bowling alleys) occurred in the Middle District of Florida, the Middle District of Florida is the situs of material events. Plaintiff on the other hand, points out that "the material events of a patent infringement case do not revolve around any particular situs. The trier of fact determines patent infringement by comparing the alleged infringing device with the language of the claims." *Medi USA, L.P. v. Jobst Institute, Inc.*, 791 F. Supp 208, 210 (N.D.

4

Ill. 1992). It is unnecessary for this court to resolve the issue whether the situs of material events is in fact the Middle District of Florida. There is no strong connection in this case to the Northern District of Illinois. This factor is either neutral, or weighs in favor of transfer. Making all possible inferences in favor of plaintiff (that the alleged infringement in the Middle District of Florida does not make that district the situs of material events), transfer is still appropriate given the weight of the other factors.

The ease of access to sources of proof weighs heavily in favor of transfer to the Middle District of Florida. The location of documents does not weigh in favor of either forum as "[t]he court is satisfied . . . that either party can easily bring to the district in which the case is litigated" all necessary documents. *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). Similarly, the location of witnesses who are employees of either defendant or plaintiff is a neutral factor since the convenience of "employee-witnesses . . . is generally assigned little weight," *Law Bulletin*, 992 F. Supp. at 1019, and it is assumed that employee witnesses would "voluntarily appear to defend the suit." *Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 U.S. dist. LEXIS 21020, at *12 (N.D. Ill. Oct. 30, 2002).

The location and convenience of "potential, non-party witnesses" is often viewed as the "most important factor in the transfer balance." *Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 U.S. Dist. LEXIS 21020, at *18 (N.D. Ill. Oct. 30, 2002). The movant has "the burden of showing, by reference to particular circumstances, that the transferee forum is clearly more convenient," *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986), and "[v]enue may not be transferred simply to shift inconvenience from the defendant to the plaintiff." *Holley Performance Prods, Inc. v. Barry Grant, Inc.*, No. 04 C 5758, 2004 U.S.

Dist. LEXIS 25892, at *12 (N.D. Ill. Dec. 17, 2004) (*citing Tsaparikos v. Ford Motor Co.*, No. 02 C 6899, 2002 WL 31844949, at *1 (N.D.Ill.Dec. 18, 2002)).

"The determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list. Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case." *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1018 (N.D. Ill. 1998). Furthermore, the court "will not consider the convenience of . . . unidentified witnesses." *Id*. at 1018. Defendant identifies several non-party witnesses and the testimony they will be expected to provide.

Doug Wilkerson, one such witness, assisted in the development of the Qubica products at issue and will testify as to dates of development and first use. While Mr. Wilkerson is currently a Qubica employee, he has provided notice of his resignation. He lives in Winter Haven, Florida. Tony Madafer, a resident of Naples, Florida, is a vendor that was used to fabricate components for Qubica products. He can testify about the development process, dates of development, and specifications of scoring stations. Current and former employees of Woodside Lanes in Naples, Florida can testify about the sale and use of the Smile Arch stations installed at Woodside Lanes. Defendant claims this testimony will be relevant to its defenses. The owners and employees of the Regal Bowling Lanes in Tampa, Florida, Unity Bowling Lanes in Zephyrhills, Florida and Crown Bowling Lanes in Tampa, Florida can testify about the sale and use of the Smile Axe stations installed in their bowling facilities. Dick Hubbard III, the owner of Sarasota Lanes in Sarasota, Florida, will testify about the sale, design, installation and use of defendant's mounting arms, as well as plaintiff's representatives who visited the center and

05 C 3603

inspected the tables and mounting systems in early 1999.  Defendant also claims that this information is relevant to its defenses.  Will Heddon, formerly of Heddon Bowling Corporation (a competitor of both plaintiff and defendant) can provide testimony relevant to patent misuse by plaintiff, dates of first use by defendant and plaintiff, evidence of prior art, and evidence of obviousness.

The convenience of these non-party witnesses weighs strongly in favor of transfer to the Middle District of Florida.  Plaintiff argues that the convenience of these witnesses does not mandate transfer because defendant has not proven that these witnesses will not appear voluntarily or that their testimony cannot be provided through videotaped deposition.  This argument fails.  The court must consider not only whether these witnesses will appear voluntarily, but "whether these witnesses will be subject to compulsory process and the cost to obtain attendance of willing witnesses."  *Pinpoint, Inc. v. Amazon.com*, No. 03 C. 4954, 2003 U.S. Dist. LEXIS 16561, at *9 (N.D. Ill. Sept. 18 2003).  Furthermore, by making non-party witnesses available for trial, the court hopes "to minimize the risk of trial by deposition."  *Aearo Co. v. Bacou-Dalloz USA Safety, Inc.*, No. 03 C 1406, 2004 U.S. Dist. LEXIS 13970, at *8 (N.D. Ind. July 21, 2004) (internal quotations omitted).

Plaintiff also argues that the case must remain in Illinois for the convenience of its own non-party witnesses.  However, plaintiff does not identify any non-party witnesses located within the Northern District of Illinois.  Instead, plaintiff argues that the Northern District of Illinois is a more convenient forum for the inventors of the patents in question, who are located in Michigan and Wisconsin.  This argument fails since witnesses who live in neither the transferor nor the transferee forum are insignificant to the court's analysis.  *Law Bulletin Publ'g Co. V. LRP*

*Publ'ns, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998). While Illinois might be more convenient for residents of Michigan and Wisconsin, the reality is that "these witnesses would be away from their homes and work regardless of whether the trial is held in Florida or Illinois." *Id.*

Defendant has identified a number of expected non-party witnesses who have relevant testimony and who are located in Florida. On the other hand, the only witnesses that plaintiff has identified in the Northern District of Illinois are its President and Chief Financial Officer. The convenience of the witnesses therefore weighs strongly in favor of transferring the case to Florida.

The last private interest factor that the court should consider is the convenience to the parties. *Law Bulletin Publ'g Co. V. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998). Specifically, the court should consider their respective residences and their ability to bear the expenses of litigating in a particular forum. *Id.* It will presumably be inconvenient for either party to have to litigate in the other's home forum. Defendant argues that because of the relative size of plaintiff and defendant, plaintiff is in a much better position financially to be able to litigate away from home. Plaintiff points out though, that defendant is not a regional company. Defendant conducts business on an international level and last year had sales in excess of $20 million. Plaintiff on the other hand, had sales in excess of $442 million last year. In *Holley Performance Prods, Inc. v. Barry Grant, Inc.*, the defendant conducted approximately $9.8 million in business while the plaintiff conducted about $140 million in business, during the given year. No. 04 C 5758, 2004 U.S. Dist. LEXIS 25892, at *20 (N.D. Ill. Dec. 17, 2004). In that case, the court states that "[w]hile neither party is destitute, the relative size of the parties favors

transfer . . . ." *Id.* The same reasoning applies here. The disparity in the relative size of plaintiff and defendant weighs in favor of transfer, although this factor alone would not mandate transfer.

The third and final consideration is whether "transfer is in the interest of justice," *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1996), and the court must look at the public, rather than private, interest factors. *.Medi USA, L.P. v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). The analysis "includes such considerations as the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000) (*citing H&V Silver Mine, Inc. v. Cohen*, No. 96 C 3550, 1997 U.S. Dist LEXIS 16040, at *5 (N.D. Ill. Oct. 6, 1997)). In this case, these factors weigh neither for nor against transfer.

For the purposes of evaluating the speed at which a case will proceed to trial, courts may look to the Federal Court Management Statistics for the transferor and transferee districts. *Amoco Oil Co. V. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000). The two most relevant statistics are "(1) the median months from filing to disposition and (2) the median months from filing to trial." *Id*. The relevant 2004 statistics show that the median time in the Northern District of Illinois from filing to disposition was 5.9 months while the median time from filing to trial was 28.4 months. In the Middle District of Florida the median time from filing to disposition was 8.7 months and the median time from filing to trial was 20.2 months. While the statistics show that cases proceed to trial faster in the Middle District of Florida, cases

9

reach disposition sooner in the Northern District of Illinois. This factor, therefore, weighs neither for or against transfer.

Both districts are equally familiar with the applicable law. "Patent infringement is a question of federal law and both this Court and the [Middle District of Florida] are both equally competent to hear and decide upon such matters." *Sitrick v. Freehand Systems, Inc.*, No 02 C 1568, 2003 U.S. Dist. LEXIS 4813, at *13 (N.D. Ill. Mar. 24, 2003). Thus, this issue weighs neither for nor against transfer.

Finally, "[r]esolving litigated controversies in their locale is a desirable goal of the federal courts." *Sitrick v. Freehand Systems, Inc.*, No. 02 C 1568, 2003 U.S. Dist. LEXIS 4813, at *13 (*citing Doage v. Board of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997)). Defendant argues that the Middle District of Florida has a strong interest in deciding the case because of its connection to the material facts of the case and because any injunction that might issue would primarily affect Florida business. Plaintiff does not refute these claims, nor does it argue that Illinois has a strong interest in hearing the case. It is unnecessary at this time to decide whether the Middle District of Florida is indeed the "locale" of the controversy, as defendant's motion will be granted based on the weight of the other factors regardless of whether the Middle District of Florida is the "locale of the controversy."

Given that the location and convenience of defendant's non-party witnesses weighs very strongly in favor of transfer to the Middle District of Florida; the convenience for defendant, and the disparity in size between plaintiff and defendant favors transfer; and all other factors are neutral or only favor one party very weakly, transfer to the Middle District of Florida is appropriate for the convenience of the parties and witnesses and in the interest of justice.

05 C 3603

ORDERED: Qubica USA, Inc.'s motion to transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) is granted. This action is ordered transferred to the Middle District of Florida.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: September 26, 2005